EDWARD A. PULASKI, Respondent, v. " CHARLES " TRYON, First Name Charles Being Fictitious, etc., and Another, Appellants.— Order denying motion to change the place of trial from Richmond county to Ulster county reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In the action to recover damages for alleged assault and battery the moving papers of defendants are precise and accurate in the necessary averments for a change of venue. The answering affidavit of the plaintiff does not disclose the grounds upon which the plaintiff bases his expectation that the witnesses named by him will testify to facts in his favor. The affidavit is, therefore, defective. (*Lyman* v. *Gramercy Club*, 28 App. Div. 30; *Jacina* v. *Lemmi*, 155 id. 397; *Carvel Court Realty Co., Inc.*, v. *Jonas*, 195 id. 662.) Two of the plaintiff's alleged witnesses are non-residents of the State of New York. The convenience of non-resident witnesses should not be considered on a motion to change the venue. (*Bowles* v. *Rome, Watertown & O. R. R. Co.*, 38 Hun, 507.) Moreover, the addresses of the witnesses named in plaintiff's affidavit seem in several cases to have been incorrect, for communications addressed to the witnesses by defendants' attorney have been returned with notations such as " Not Found," and " Not at add." For all of these reasons, the witnesses shown to be material are about the same on each side; and as the place of the alleged assault is in Ulster county, and this is a transitory action, and there being no controlling reason to the contrary, the action should be tried in Ulster county. Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PASQUALE COLANTONE, Appellant.— Judgment of conviction of the County Court of Richmond county reversed upon the law, and new trial ordered. We are constrained to reverse this judgment for error in excluding the evidence offered by the defendant concerning his good character. Kelly, P. J., Rich and Kapper, JJ., concur; Jaycox and Kelby, JJ., dissent and vote to affirm under section 542 of the Code of Criminal Procedure.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN JACKERSON, Appellant.— Judgment of conviction of the County Court of Queens county reversed on the law, and a new trial ordered. It was error for the trial judge to charge, as recorded at folio 908 of the record: " That the Frank store in Hempstead was burglarized and the goods stolen has been established judicially because two thieves already have been found guilty of that crime, and are now serving a term of imprisonment as a penalty for that theft. So that you need not waste any time discussing the question as to whether Frank's store was burglarized and his goods stolen. That has already been judicially determined." (See *People* v. *Walker*, 198 N. Y. 329.) Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur.