Roy D. Keehn, as Receiver of Central Mutual Insurance Company of Chicago, Plaintiff, *v.* S. & D. Motor Lines, Inc., Defendant.

Supreme Court, Onondaga County, January 30, 1943.

**92**

*David B. Sugarman* for defendant.

*Lester L. Weil* for plaintiff, appearing specially.

Searl, J. This action was originally brought by the service of a summons and complaint in New York County.

The defendant moved at a motion term held in Onondaga County, on the 14th day of December, 1942, for an order changing the place of trial from the county of New York to the county of Oswego pursuant to section 187 of the Civil Practice Act, on the ground that the plaintiff is a nonresident of the State of New York, not doing business in the State, and that the defendant does not reside in the county of New York, but has its principal place of business in the county of Oswego.

Supporting affidavit, submitted by defendant's attorney, sets forth that the action is brought to collect an assessment claimed to be due against the defendant by order of the Circuit Court

of Cook County, Illinois; that the instant action was commenced by the service of a summons and complaint on the defendant on November 4, 1942, and that an order was granted extending the time to answer to the 5th day of December, 1942. Defendant's papers also disclose that prior to the due date of the answer and on or about December 2, 1942, a demand for a change of venue from New York County to Oswego County was served upon the attorney for the plaintiff. The original motion papers also disclose that the plaintiff was at the time of the commencement of the action a resident of the city of Chicago, State of Illinois.

Plaintiff appeared specially by filing an affidavit in opposition, relying solely, for the purpose of this motion, upon the proposition that the Supreme Court of Onondaga County is without jurisdiction to hear and pass upon this motion, claiming that a motion for change of venue must be made in the court where the venue is laid and not in the court to which venue is sought, setting forth the claim that any motion with respect to the instant suit is covered by subdivision 2 of rule 63 of the Rules of Civil Practice, to the effect that " where the action is triable in the first or the eighth judicial districts, the motion must be made in the district where the action is triable."

Before the decision of the motion, the defendant applied to this court for an order to show cause returnable January 30, 1943, requiring the plaintiff to show cause why defendant should not be permitted to amend its original papers by adding thereto an allegation to the effect that the plaintiff had failed to serve upon the defendant, within five days after service of the demand for change of place of trial to Oswego County, an affidavit setting forth facts showing either that the county which the defendant claims is the proper county is not the proper one, or that the county designated in the summons and complaint as the place of trial (in this case New York County) is the proper one.

Upon the return of the order to show cause, plaintiff filed an additional affidavit referring to certain authorities, and claiming that the amendment to rule 146 of the Rules of Civil Practice, added February 2, 1942, is a negative amendment purporting to distort orderly procedure, and contending that notwithstanding the amendment the motion could not be made elsewhere than in the county of New York.

Upon the return of the order to show cause on January 30, 1943, defendant argued that it should justly be permitted to amend its papers for the purpose of bringing the validity of

the application squarely before the court. Thus, we have pre-
sented by the plaintiff the question as to the constitutionality
of the amendment of February 2, 1942, to rule 146.

For the purpose of bringing this matter to a conclusion at
this time so far as any interpretation of the rule is concerned,
the court has, by order, permitted the amendment.

To obtain light upon the intent at the time of the amend-
ment to rule 146, this court has taken recourse to the Seventh
Annual Report (1941) of the Judicial Council issued prior
to the adoption of the amendment. The 1941 Report of the
Judicial Council, at page 296, after surveying the terms of
the proposed amendment and the requirements on the part
of the plaintiff and defendant, states: " In order to avoid
confusion and to protect the courts against being swamped
with collateral motions, no opportunity is afforded the defendant,
under the proposal, for testing the sufficiency of any affidavit
served pursuant thereto. The mere service of the affidavit will
be sufficient to preclude the defendant from making his motion
in what he claims is the proper county.

" If no affidavit, as required, is served by the plaintiff, the
defendant will have the option of making his motion for change
of venue to the proper county, either (1) as at present, in the
judicial district embracing the county designated in the sum-
mons or complaint as the place of trial, or in an adjoining
county, as provided in Rule 63 of the Rules of Civil Practice;
or (2) in the district embracing the county claimed to be the
proper one, or in an adjoining county as provided in Rule 63.

" The proposed amendment will permit the motion to be
made in an adjoining county, in any event, only in the cases
provided for in Rule 63. Thus, if the allegedly proper county
is located in the First or Eighth Judicial Districts, the defend-
ant will not be able to select any adjoining county outside that
district for the purpose of making his motion; he will be con-
fined to a county in that district (Rule 63, subd. 2). Also, the
defendant will not be able to make his motion in the First
Judicial District merely because the county which he claims is
the proper one adjoins a county in that district (Rule 63, subd.
2).

" As is the rule at present, the plaintiff will still be able
to move by cross-motion, at the same time when and in the
same court where the defendant makes his motion, that the venue
be retained in the county originally designated as the place
of trial on the ground of convenience of witnesses. Obviously,
if the defendant makes his motion for change of venue in the

county which he claims is the proper one, the plaintiff will be able to make such cross-motion only in that county, and not in the county originally designated as the place of trial.''

The above language at least gives us a prelude in attempting to arrive at the true intent, in construing the language contained in the report, i. e., that portion of it which provides: '' the proposed amendment will permit the motion to be made in an adjoining county, in any event, only in the cases provided for in Rule 63.''

If the interpretation of the plaintiff in this case is correct, there would have been no object in adopting the amendment as its efficacy would thereby be null. We must assume that the purpose of the amendment was as stated in the Report of the Judicial Council, '' to modify the present practice by allowing the defendant to make his motion for change of venue in the county which he claims is the proper one, provided there is no dispute between the parties as to whether such county is the proper one.'' (Page 296.)

This court is holding that the amendment purposed to effect a change in a rule of procedure and is constitutional, and that as Onondaga County adjoins Oswego County, the motion is properly brought.

According to recognized authorities, although the constitutionality of an act may properly be questioned where vested rights are involved, yet the same attack can not be directed against matters that relate purely to procedural matters. (*Campbell* v. *New York Evening Post*, 245 N. Y. 320; *Sackheim* v. *Pigueron*, 215 N. Y. 62; *Carder Realty Corp.* v. *State of New York*, 172 Misc. 498.)