COMBINED CENTURY THEATRES, INC., Plaintiff, *v.* EMPIRE STATE MOTION PICTURE OPERATORS UNION, INC., et al., Defendants.

Supreme Court, Special Term, New York County, May 21, 1943.

*Goodwin, Jones & Dodd* for defendants.

*Mitchel Klupt* for plaintiff.

HAMMER, J. Defendants, by order to show cause, have moved at Special Term, Part I, of the Supreme Court, County of New York, for an order changing the place of trial of the above-entitled action from the county of Kings to the county of New York, pursuant to section 187 of the Civil Practice Act and rule 146 of the Rules of Civil Practice, on the ground that neither the plaintiff nor the defendant named in the summons and complaint herein resides in the county of Kings, and directing that subsequent proceedings be had in the county of New York as if it had been designated in the summons and complaint as the place of trial, pursuant to section 188 of the Civil Practice Act, and for such other and further relief as to the court may seem just and proper in the premises.

Rule 146 of the Rules of Civil Practice was amended, effective February 2, 1942. The rule as amended modified the present practice by allowing the defendant to make his motion for change of venue in the county which he claims is the proper one, provided there is no dispute between the parties as to whether such county is the proper one. Plaintiff asserts in his affidavit that Kings County where the action was commenced is the proper county. Defendant asserts that the facts stated in plaintiff's affidavit are insufficient to sustain its objection and, on the contrary, show that New York County is the proper county.

It is undisputed that at the time of the commencement of the action the only parties were the plaintiff and the defendant Empire State Motion Picture Operators Union, Inc. Defendant by affidavit shows that the additional parties defendant, some of whom by plaintiff's affidavit are shown to reside in Kings County, were added by motion made by plaintiff on May 13, 1943, after the summons and complaint had been served upon the defendant corporation. Defendant further shows that on May 14, 1943, the Supreme Court, Kings County, Special Term, Part I, made an order directing that a supplemental summons and amended complaint issue adding the four

individual defendants as parties defendant, and a copy of the supplemental summons and amended complaint has been served upon such parties. The ground upon which defendant asserts its right to make the motion in New York County is that venue is governed by the residence of the parties at the time of the commencement of the action, and such right can not be affected by adding additional parties defendant.

The amendment to rule 146 was proposed by the Judicial Council and the proposed amendment accompanied by the Judicial Council's recommendation concerning venue of motion to change place of trial to proper county. The recommendation is set forth in the Seventh Annual Report and Studies, 1941, of the Judicial Council. In speaking of the proposal to amend rule 146, we find the following (p. 296):

" It is thus provided that unless, within five days after service of a demand by the defendant for change of venue to the allegedly proper county, the plaintiff serve an affidavit which shall set forth facts showing either that the county named by the defendant is not the proper one or that the county previously designated by the plaintiff as the place of trial is the proper one, it is to be assumed that there is no dispute as to the identity of the proper county, and the defendant is to be permitted to make his motion for change of venue to such county in the judicial district embracing that county.

" In order to avoid confusion and to protect the courts against being swamped with collateral motions, no opportunity is afforded the defendant, under the proposal, for testing the sufficiency of any affidavit served pursuant thereto. The mere service of the affidavit will be sufficient to preclude the defendant from making his motion in what he claims is the proper county.

" If no affidavit, as required, is served by the plaintiff, the defendant will have the option of making his motion for change of venue to the proper county, either (1) as at present, in the judicial district embracing the county designated in the summons or complaint as the place of trial, or in an adjoining county, as provided in Rule 63 of the Rules of Civil Practice; or (2) in the district embracing the county claimed to be the proper one, or in an adjoining county as provided in Rule 63.

" The proposed amendment will permit the motion to be made in an adjoining county, in any event, only in the cases provided for in Rule 63. Thus, if the allegedly proper county is located in the First or Eighth Judicial Districts, the defendant will not be able to select any adjoining county outside that

district for the purpose of making his motion; he will be confined to a county in that district (Rule 63, subd. 2). Also, the defendant will not be able to make his motion in the First Judicial District merely because the county which he claims is the proper one adjoins a county in that district (Rule 63, subd. 2)."

As the mere service of the affidavit is sufficient to preclude the defendant from making his motion in what he claims is the proper county and no opportunity is afforded the defendant for testing the sufficiency of any affidavit served pursuant thereto, it follows that plaintiff's preliminary objection must be sustained and the motion transferred to Special Term, Part I, Kings County.