Harriett McDermott, Appellant, *v.* Harrison J. McDermott, Respondent, and First Trust and Deposit Company, Defendant.

Harriett McDermott, Appellant, *v.* Harrison J. McDermott, Respondent, and Onondaga County Savings Bank, Defendant. (Action No. 1.)

Harriett McDermott, Appellant, *v.* Harrison J. McDermott, Respondent, and Onondaga County Savings Bank, Defendant. (Action No. 2.)

Harriett McDermott, Appellant, *v.* Harrison J. McDermott, Respondent.

First Department, December 21, 1943.

*Forrest S. Chilton* for appellant.

*Harrison J. McDermott,* respondent in person.

*Per Curiam.* After the service of the summonses and complaints in these actions, with venue laid in New York County, defendant, Harrison J. McDermott, served his answers, together with demands, as specified in rule 146 of the Rules of Civil Practice, that the actions be tried in Onondaga County.

Plaintiff failed to serve any affidavit (as provided in said rule) setting forth facts showing that the county of New York was the proper county. Defendant thereupon moved in Cayuga County, Special Term, for the removal of the action to Onondaga County, and obtained the orders appealed from. These appeals were properly taken in this Department. (See Rules Civ. Prac. rule 147.)

We deem that change of venue was improperly granted. Insofar as the determination of the place of trial was based upon the residence of the parties, the moving affidavits of defendant were entirely devoid of facts to show the nonresidence of plaintiff in New York County. They merely alleged such lack of residence on information and belief, without stating the source of defendant's information, or the grounds of his belief. The opposing affidavits of plaintiff, of the superintendent of the apartment house where she had leased an apartment in New York City, and of her attorney, established that a genuine residence had been maintained by plaintiff in New York County for upwards of two years. Accordingly New York County was properly designated by plaintiff as the place of trial. (Civ. Prac. Act, § 182.)

The demand and notice of motion for change of venue referred to the convenience of witnesses. Even if such ground were tenable on the present motion, the supporting affidavits contain no statement of the names of any of the proposed witnesses, nor of the substance of their testimony. (*Sanders* v. *Prescott,* 234 App. Div. 899; *Rieger* v. *Pulaski Glove Co.,* 114 App. Div. 174; *Tuska* v. *Wood,* 81 Hun 79.)

We do not construe rule 146 of the Rules of Civil Practice, as recently amended, to preclude plaintiff from contesting the merits of the claim for change of venue, because of failure to

serve the affidavit mentioned in the second paragraph of that rule. Such failure merely permits defendant, at his option, to move for change of venue in the county named in the demand, or in an adjoining county, rather than in the county named in the summons. This interpretation of the rule is supported by examination of the Reports of the Judicial Council which recommended the amendments to Rules 146 and 147. (See Seventh Annual Report of Judicial Council, pp. 44, 45, 291–297; Eighth Annual Report of Judicial Council, p. 24.)

The orders should be reversed, each with twenty dollars costs and disbursements, and the motions denied.

TOWNLEY, GLENNON, DORE, COHN and CALLAHAN, JJ., concur.

In each action: Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.