EDGAR W. BENNETT, SR., et al., Individually and as Copartners, Doing Business under the Name of E. W. BENNETT & SON, Plaintiffs, *v.* CRAWFORD BROTHERS, INCORPORATED, Defendant.

Supreme Court, Special Term, Otsego County, November 27, 1945.

*Grant & Dickson* for defendant.

*Falk & Orleans* for plaintiffs.

O'CONNOR, J.  This action was brought in New York County. The plaintiffs are residents of Hillside, New Jersey, and defendant has its principal place of business at Walton, Delaware County, New York, and it is so alleged in the plaintiff's complaint.  After the service of the summons and complaint with the venue laid in New York County the defendant served its answer with demand as specified in rule 146 of the Rules of Civil Practice that the action be tried in Delaware County.  The plaintiffs did not consent to the change of venue to Delaware County and served an affidavit stating that the convenience of witnesses will of necessity require the trial in the county of New York as the entire subject and basis of plaintiffs' causes of action arise out of facts and circumstances which took place at Hillside, New Jersey, approximately ten miles from the courthouse in New York County, and all the necessary proof and witnesses in behalf of the plaintiffs are available from an area very close to the Supreme Court, New York County.

Defendant moved at the Otsego County Special Term for the removal of the action to Delaware County.  The plaintiffs contend that the motion should have been made in New York County.

When the action was brought it was triable in New York County as that was the county designated in the summons and complaint (*Burgdorf* v. *Brooklyn, Queens Co. & Suburban R. R. Co.*, 130 App. Div. 253; *Combined Cen. Theatres* v. *Empire State, etc., Union*, 181 Misc. 323).  Prior to the amendment of rule 146 of the Rules of Civil Practice on December 8, 1941, effective February 2, 1942, this motion would have had to be made in New York County.

Pursuant to the provisions of rule 146 as amended, defendant served with its notice of motion to change the venue from **New**

York County to Delaware County an affidavit stating that neither of the parties resided in the county of New York and that plaintiffs were residents of Hillside, New Jersey, and defendant was a corporation, resident of, and having its principal place of business in, Delaware County.

Delaware and Otsego Counties are in the Sixth Judicial District.

Defendant therefore properly moved under rule 146 at the Otsego Special Term for a change of venue from New York County to Delaware County. (*McDermott* v. *McDermott*, 267 App. Div. 171 ; for reports of the Judicial Council which recommended the amendments to rules 146, 147, see Seventh Annual Report of N. Y. Judicial Council, 1941, pp. 44–45, 291 *et seq.*; Eighth Annual Report of N. Y. Judicial Council, 1942, p. 24.)

The plaintiffs could have made a countermotion asking that the place of trial be retained in New York County for the convenience of witnesses had they served an affidavit setting forth the names of the witnesses, their residence in New York County and the matters to which they would testify. The plaintiffs' affidavit contains no statement of the names of any of the proposed witnesses, that any of them reside in New York County, or of the substance of their testimony. (*McDermott* v. *McDermott, supra.*) Apparently all of the plaintiffs' witnesses reside at Hillside, New Jersey.

The convenience of witnesses residing without the State will not be considered on a motion to change the place of trial. (*Pulaski* v. *Tryon*, 214 App. Div. 822; *Bowles* v. *Rome, Watertown & O. R. R. Co.*, 38 Hun 507.)

The defendant's motion to change the place of trial of this action from New York County to Delaware County is granted, with $10 costs to defendant.

Submit order accordingly.