Harris, J.
The plaintiff-appellant sues the defendant-respondent and the other defendants (the latter have not been served) for brokers commissions which the plaintiff claims he has earned from the defendant. Venue was laid.in the county of New York which is undisputedly the place of residence of the plaintiff-appellant. The residence of the defendant-respondent is in Monroe County, this State. By notice, defendant-respondent moved in Monroe County for an order changing the place of trial of this action from the county of New York to the county of Monroe. Such notice recited that it was made pursuant to sections 186 and 187, subdivisions 1 and 3, of the Civil Practice Act, and rule 146 of the Buies of Civil Practice. Section 186 and section 187, subdivisions 1 and 3, of the Civil Practice Act, and rule 146 of the Buies of Civil Practice, are here quoted.
Section 186. “In an action in the supreme court, notwithstanding that the county designated in the complaint as the place of trial is not the proper county, the actipn may be tried therein unless the place of trial is changed to the proper county upon the demand of the defendant, followed by the consent of the plaintiff or the order of the court.”
Section 187. “ The court, by order, may change the place of trial of an action in the supreme court in either of the following cases: 1. Where the county designated for that purpose in the complaint is not the proper county; * * * 3. Where the convenience of material witnesses and the ends of justice will be promoted by the change.”
Buie 146. “ If the defendant in an action in the supreme court demand that the action be tried in the proper county, he must serve with the answer, or before service of the answer, a written demand accordingly. The demand must specify the icounty where the defendant requires the action to be tried. If the plaintiff fail to serve a written consent to the change as proposed by the defendant within five days after service of *557 the demand, the defendant, within ten days thereafter, may serve notice of a motion to change the place of trial. If the plaintiff fail to serve upon the defendant, within five days after service of the demand, an affidavit which shall set forth facts showing either that the county which the defendant claims is the proper county is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one, the defendant may, at his option, for the purposes of such motion, regard the county which he claims is the proper one as the county in which the action is triable within the meaning of rule sixty-three of these rules, and he may accordingly make the motion in the judicial district embracing-such county, or in an adjoining county as provided in rule sixty-three.”
The Special Term, Monroe County, granted the motion and it is to be gathered from the record that its decision was based on all of the grounds stated in the notice of motion. Appeal has been taken from the order granting the motion. The appellant contends that the Special Term, Monroe County, had no jurisdiction on the motion to consider any other ground except the first ground that Hew York County was not the proper county. The respondent claims that the Special Term could consider all of the ground stated in the notice of motion, and based such contention on the provisions of section 117 of the Civil Practice Act, which, so far as pertinent to this appeal, reads as follows: “ The party making a motion may specify, in the notice thereof, one or more kinds of relief in the alternative or otherwise * *. At least three days prior to the time at which the motion is noticed to be heard, he [the adverse party] may serve upon the attorney for the moving party a notice * * * specifying any kind or kinds of relief in the alternative or otherwise to which he claims to be entitled in the action, whether the relief so asked for be responsive or not to the relief asked for by the moving party.”
The authority permitting this motion to be made in the county of Monroe (the resident county of the defendant-respondent) is to be found in the provisions of rule 146 of the Buies of Civil Practice, which, for the purposes of this appeal, insofar as it is pertinent, is quoted now: “ If the defendant in an action in the supreme court demand that the action be tried in the proper county, he must serve with the answer, or before service of the answer, a written demand accordingly. The demand must specify the county where the defendant requires the action to be tried. If the plaintiff fail *558 ¡to serve a written consent to the change as proposed by the defendant within five days after service of the demand, the defendant, within ten days thereafter, may serve notice of a motion to change the place of trial. If the plaintiff fail to serve upon the defendant, within five days after service of the demand, an affidavit which shall set forth facts showing either that the county which the defendant claims is the proper county is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one, the defendant may, at his option, for the purposes of such motion, regard the county which he claims is the proper one as the county in which the action is triable within the meaning' of rule sixty-three of these rules, and he may accordingly make the motion in the judicical district embracing such county, or in an adjoining county as provided in rule sixty-three.” i (For an intelligent discussion of such rule 146, and its purposes and effect, see the memorandum of Mr. Justice Hammeb, in Combined Century Theatres, Inc., v. Empire State Motion Picture Operators Union, Inc., 181 Misc. 323.)
It is apparent from the language of rule 146 and from the discussion in the recommendation of the Judicial Council (Seventh Annual Beport and Studies, 1941, of the Judicial Council, p. 296) that the sole result of the rule, applied to the case now before this court, was, under certain conditions, to permit Special Term, Monroe County, to pass on the question whether or not Monroe County was the proper county, and New York County not the proper county, in which venue should have been laid in this action. The change effected by rule 146, permitting such a motion to be made in a county not in the judicial district embracing the county where venue is originally laid (or in certain cases in a county adjoining the county of original venue) did not change in any other respect the sections of the Civil Practice Act or the rules governing the place where a motion for a change of venue should'be returnable. (See Buies 'Civ. Prae., rule 63.) The defendant-respondent claims that the Special Term, Monroe County, where the motion was made '¡returnable, could consider grounds other than that of the ¡venue being laid in an improper county, because of the provisions of section 117 of the Civil Practice Act, which provides 'for the securing of more than one kind of relief on a motion; ‘but, if the. Special Term, Monroe County, considered this rule ¡as authority for disposing of the motion on several grounds, it overlooked the provisions of rule 63, as to where a motion on notice must be made returnable. The proof in the record *559 established that the plaintiff-appellant is a resident of New York County and that is the place of proper venue. (Civ. Prac. Act, § 182.) The application at Special Term, Monroe County, should have been denied and the defendant-respondent relegated to his remedy of making a motion for a change of venue, on the grounds specified in section 187 of the Civil Practice Act, in the First Judicial District. (Eules Civ. Prac., rule 63; Civ. Prac. Act, § 188.)
The order, from which appeal has been taken, should be reversed, with $10 costs and disbursements, and the motion made at Special Term, Monroe County, denied, with $10 costs and disbursements.
All concur. Present — Harris, McCtjrn, Larkin and Love, J J.
Order reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs.