CHARLOTTE LINDER, as Executrix of GLEN E. LINDER, Deceased, Plaintiff, *v.* ELMIRA ASSOCIATION OF COMMERCE, INC., et al., Defendants.

Supreme Court, Special Term, Broome County, August 17, 1948.

*John V. Higgins* for plaintiff.

*William E. Night* for Elmira Association of Commerce, Inc., defendant.

SANTRY, J. This is an application on behalf of the defendant, Elmira Association of Commerce, Inc., brought on by an order to show cause, returnable at a Special Term of this court, held

in and for the Sixth Judicial District, at the city of Binghamton in the county of Broome to change the place of trial of the action from New York County to Chemung County, on the ground that the latter is the proper county. Chemung County is within the Sixth Judicial District. The action is brought to recover damages for the alleged wrongful death of the plaintiff's testator, which was caused by a collision between an airplane and a glider near Elmira, in Chemung County.

The defendant served with its answer a written demand pursuant to rule 146 of the Rules of Civil Practice, that the place of trial be changed to Chemung County on the ground that this was the proper county for the trial of the action. Within five days after the service of this demand, the plaintiff served an affidavit which the plaintiff claims, limits the right of the defendant to apply for an order to change the place of trial to a Special Term held in and for the county of New York. On the return of the order to show cause the plaintiff appeared specially, objected to the jurisdiction of the Sixth Judicial District of the Supreme Court, or any county or judge thereof, to determine a motion for the change of venue of this action, or for any other purpose; objected to the jurisdiction of the Sixth Judicial District, Supreme Court, or any county or judge thereof, to issue an order to show cause herein, and moved to vacate the order to show cause and all proceedings based thereon for lack of jurisdiction.

Section 182 of the Civil Practice Act provides that an action of this kind must be tried in the county in which one of the parties resided at the commencement of the action. This provision is mandatory, and it is a matter of right to have the place of trial changed to the county where one of the parties resides. (*Loretz* v. *Metropolitan Street Ry. Co.*, 34 App. Div. 1; *Goldstein* v. *Goldstein*, 243 App. Div. 777; *Abbott Bread Co.* v. *Schlansky*, 242 App. Div. 774.)

Where a defendant has served with his answer a written demand that the action be tried in the proper county specified in the demand, and the plaintiff does not consent thereto in writing within five days, rule 146 of the Rules of Civil Practice provides in part: " If the plaintiff fail to serve upon the defendant, within five days after service of the demand, an affidavit which shall set forth facts showing either that the county which the defendant claims is the proper county is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one, the defendant may, at his option,

for the purposes of such motion, regard the county which he claims is the proper one as the county in which the action is triable within the meaning of rule sixty-three of these rules, and he may accordingly make the motion in the judicial district embracing such county, or in an adjoining county as provided in rule sixty-three.''

From the moving papers submitted on this motion it appears without contradiction, that the plaintiff at the time of the commencement of this action, and her testator at the time of his death, were residents of the State of Colorado, and that the defendant is a domestic corporation with its place of business in the city of Elmira in the county of Chemung. The plaintiff's complaint alleges that she was '' duly appointed the Executrix of the Last Will and Testament of Glenn E. Linder, deceased, by the County Court of Weld County, State of Colorado, of which state the decedent died a citizen.'' The complaint also alleges that the defendant '' was and now is a domestic corporation organized under and existing by virtue of the laws of the State of New York, and was and now is engaged in business at Elmira, New York.'' The affidavit of William E. Night, submitted on behalf of the defendant on the application for the order to show cause, states that the plaintiff and her testator are and were residents of the State of Colorado, and that the defendant is a resident of Chemung County.

The affidavit of John V. Higgins, served on behalf of the plaintiff under rule 146, and on which the plaintiff relies to prevent the Supreme Court in the Sixth Judicial District from exercising jurisdiction in this motion, does not set forth a single statement of fact showing or tending to·show, that any party to the action is a resident of New York County, or that the defendant is not a resident of Chemung County. On the contrary, this affidavit states, '' the plaintiff executrix is a resident of the State of Colorado * * *.''

As the question as to whether a county is or is not a proper county for the trial of an action depends solely on the residence of the parties to the action, it follows that the said affidavit served by the plaintiff does not comply with the provisions of rule 146, and so far as its effect under that rule is concerned it is equivalent to no affidavit at all.

The plaintiff's contention that the mere serving of an affidavit without regard to its contents prevents the defendant from applying for a change of venue to the court in the judicial district embracing the county to which the trial is sought to be

removed, is untenable. The rule prescribes an affidavit which shall set forth facts showing either that the defendant's county is not the proper one, or that the plaintiff's county is the proper one. Those provisions were inserted for a purpose. They specify what kind of an affidavit is required, and their plain language cannot be ignored. An affidavit which does not set forth such facts does not comply with the rule, and is a nullity.

The plaintiff refers to the following comments from the Seventh Annual Report of the New York Judicial Council, 1941, page 293, made prior to the passage of the amendment to rule 146, which enacted the provisions under consideration, as supporting her contention: '' In order to avoid confusion and to protect the courts against being swamped with collateral motions, no opportunity is afforded the defendant, under the proposal, for testing the sufficiency of any affidavit served pursuant thereto. The mere service of the affidavit will be sufficient to preclude the defendant from making his motion in what he claims is the proper county.'' And, '' to modify the present practice by allowing the defendant to make his motion for change of venue in the county which he claims is the proper one, provided there is no dispute between the parties as to whether such county is the proper one.'' (P. 296.)

These comments, read in connection with the text of the amendment as adopted by the Legislature, simply mean that no opportunity is afforded to test the sufficiency of the facts shown by the affidavit as evidence for the purpose of determining the question as to whether a party resides in a certain county or not, but if the affidavit actually does set forth facts as specified in the rule, showing such residence or nonresidence to be different from that claimed by the defendant, the court in which the defendant claims is the proper county may not determine the issue, and the defendant is precluded. This does not mean that such court may not determine whether the affidavit meets the requirements of rule 146 by setting out the matters specified in the rule. But where the affidavit contains no contradictory facts as to the place of residence of any of the parties, there can be no dispute as to whether a county is a proper county, and such affidavit does not comply with the requirements of the rule. (*Bennett* v. *Crawford Bros.*, 186 Misc. 96; *Keehn* v. *S. & D. Motor Lines, Inc.*, 180 Misc. 91.) It follows that the defendant was authorized by rule 146 to make this application in the Sixth Judicial District, and that this court obtained jurisdiction in the premises.

The plaintiff's objection to the jurisdiction of this court to hear and determine the motion, and to issue the order to show

cause herein, is overruled, and the plaintiff's motion to vacate the order to show cause is denied. The hearing of the motion to change the place of trial is adjourned to a Special Term of this court, appointed to be held at the Court House in the village of Wampsville, in the county of Madison, on the 11th day of September, 1948, at ten o'clock in the forenoon, to permit the plaintiff to make a cross motion to retain the place of trial in New York County, if she is so advised.

Prepare order accordingly.