POTOLSKI INTERNATIONAL, INC., Respondent, v. PARSONS & WHITTEMORE, INCORPORATED, Appellant.— Appeal by defendant from an order of the Supreme Court at Special Term, entered in Albany County on June 18, 1953, which denied defendant's motion for a change of venue from Albany County to New York County. The action is based upon an alleged contract and was properly brought in Albany County where the plaintiff has its place of business. Defendant's motion to change the venue is based upon the grounds of the convenience of material witnesses and that the ends of justice will be promoted by the change. The court below properly rejected from consideration as " witnesses " the names of two business corporations. (*White* v. *Mayer,* 112 N. Y. S. 2d 253.) While the moving papers on both sides refer to the subject matter within the knowledge of the proposed witnesses, they fail to state what the testimony of the respective witnesses will be. No preponderance of material witnesses in New York County has been established. The case is on the December, 1953, alarm calendar in Albany County and may be tried at an earlier date in Albany County than in New York County. Ordinarily venue will not be changed from a rural county to New York County. The fact that the transaction involved is alleged to have occurred in New York County is not controlling when the ends of justice are involved. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

## FOURTH DEPARTMENT, NOVEMBER, 1953.

### (November 11, 1953.)

VILLAGE OF FAIRPORT, Appellant, v. COUNTY OF MONROE et al., Respondents. —Judgment affirmed, without costs of this appeal to any party. Memorandum: The statute (L. 1947, ch. 278, § 11, as amd. by L. 1951, ch. 811) prior to the amendment under consideration here cannot be reasonably construed as providing for an allocation of retail sales and use tax moneys as between the towns and villages in the area of Monroe County outside of the city of Rochester on a population basis. The claim of the villages that each had a vested right to an allocation upon a population basis under the statute as it existed before the amendment is without merit. The amendment (L. 1952, ch. 811) provides in express language for an allocation upon a basis of equalized assessments. The earliest date upon which distribution of the tax moneys could be made pursuant to the resolutions adopted by the Board of Supervisors of Monroe County would be subsequent to the effective date of the amendment. In our view of it the situation called for a prospective application of the amendment. The judgment appealed from should be affirmed. All concur. (Appeal from a judgment adjudging that the laws and resolutions under which Monroe County is distributing the proceeds of the sales tax are constitutional and valid and that the method of distribution is in accordance with the statutes and resolutions.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ

VILLAGE OF EAST ROCHESTER, Appellant, v. COUNTY OF MONROE et al., Respondents.— Same decision and like cause of action as in companion case of *Village of Fairport* v. *County of Monroe* (*ante,* p. 999), decided herewith. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.