Henry A. Hudson, J.
This is an application on behalf of defendant brought on by order to show cause at a Special Term held at Watertown, Jefferson County, New York, Fifth Judicial District, to change the place of trial from New York County to Jefferson County on the ground that the latter is the proper county.
The action is one to recover damages for personal injuries and property damages alleged to have been received by plaintiff in the collision of automobiles driven by plaintiff and defendant on August 27, 1956 on State Street, in the city of Watertown, New York. Notice of appearance together with the demand for change of venue were served by defendant’s attorneys by mail on November 12, 1956. The complaint was served by mail on November 13, 1956 and the answering affidavit of plaintiff by mail on November 16, 1956. No written consent by plaintiff to the change of venue within five days after service of the demand was ever served.
It appears from the moving papers and it is not contradicted by plaintiff that at the time of the commencement of the action he was a resident of Brooklyn, Kings County, New York and that the defendant is a resident of Jefferson County, New York.
The affidavit of plaintiff submitted in response to a demand for a voluntary change of venue admits his residence in “Kings, Jefferson and Bronx Counties during the past year.” It is further stated therein: “My domicile has been and remains *478 in New York County. I have a place for permanent residence within New York County and my intention is, has been and remains that New York County is my permanent domicile.”
The affidavit submitted in opposition to the motion is by plaintiff’s attorney, by reason of the fact set forth in the verification thereof: ‘ ‘ That plaintiff is not within the County of New York where deponent has his office but is without said County of New York on Military Duty.” This affidavit sets forth the fact that plaintiff is a member of the regular army of the United States and makes the army his career. It is stated by plaintiff’s attorney that as such career soldier the plaintiff is permitted to move his family within commuting distance of his duty station whenever and wherever his orders send him but that at all times maintained his permanent residence in New York County.
There is nothing in either the affidavit of plaintiff or plaintiff’s attorney to indicate any specific, permanent address of the plaintiff within New York County other than the bald statement that such is the case. It is rather quite evident from “ Exhibit A”, attached to and made a part of defendant’s reply affidavit, a certified copy of plaintiff’s registration certificate for his automobile license, number K A 4278, issued by the Bureau of Motor Vehicles of the State of New York, December 28, 1955, bearing plaintiff’s signature, that his personal residence is 9315 Fort Hamilton Parkway, Kings County, New York, and from all that appears in either of the affidavits submitted in opposition to the motion, remained so throughout 1956.
The plaintiff’s contention that because of his military career his residence in Jefferson, Kings and Bronx Counties are but temporary residences and are not to be considered as his domicile are untenable in the absence of any information as to a specific, permanent address in New York County. The affidavits submitted by plaintiff and his attorney in my opinion are insufficient to comply with rule 146 of the Buies of Civil Practice. This rule prescribes an affidavit which shall set forth facts showing either that the defendant’s county is not the proper county, or that the plaintiff’s county is the proper one and was enacted for the express purpose of specifying what kind of affidavit is required. Its language cannot be ignored. An affidavit which merely asserts the residence of the plaintiff as a county without further facts as to a street and number or some further specific information, particularly when such county embodies the City of New York, sets forth a conclusion and not facts, consequently does not comply with the rule and *479 is a nullity. (Bradley v. Plaisted, 277 App. Div. 620; Linder v. Elmira Assn. of Commerce, 192 Misc. 830; Bennett v. Crawford Bros., 186 Misc. 96.)
Plaintiff’s contention, in the alternative, that his affidavit is sufficient to require the motion to be brought in New York County is without merit. The mere serving of an affidavit without regard to its contents does not prevent defendant from applying for a change of venue to the court in the judicial district embracing the county to which the trial is sought to be removed and such court may determine whether the affidavit-meets the requirements of rule 146. (Linder v. Elmira Assn. of Commerce, supra.)
Defendant’s motion is granted, with $10 costs. Submit order accordingly.