Herbert D. Hamm, J.
This is a motion to change the venue of the above-entitled action from the County of New York, which is alleged to be an improper county, to the County of Albany, which admittedly is a proper county.
The plaintiff in response to a demand pursuant to rule 146 of the Rules of Civil Practice for a voluntary change of venue and in opposition to the defendant’s motion set forth only: “ New York County, designated in the summons and complaint as the place of trial, is the proper venue herein ”, In Cohen v. O’Dette (7 Misc 2d 476, 478-479) Justice Hudson stated: “ The affidavits submitted by plaintiff and his attorney in my opinion *1080 are insufficient to comply with rule 146 of the Rules of Civil Practice. This rule prescribes an affidavit which shall set forth facts showing either that the defendant’s county' is not the proper county, or that the plaintiff’s county is the proper one and was enacted for the express purpose of specifying what kind of affidavit is required. Its language cannot be ignored. An affidavit which merely asserts the residence of the plaintiff as a county without further facts as to a street and number or some further specific information, particularly when such county embodies the City of New York, sets forth a conclusion and not facts, consequently does not comply with the rule and is a nullity. (Bradley v. Plaisted, 277 App. Div. 620; Linder v. Elmira Assn. of Commerce, 192 Misc. 830; Bennett v. Crawford Bros., 186 Misc. 96.) ”
Moreover, in this case there is an additional element which makes it proper for this motion to have been made returnable in Albany County. The pleadings are always before the court.
Paragraph 1 of the plaintiff’s complaint states: “Plaintiff, Twentieth Century-Fox Film Corporation, is a corporation organized and existing under the laws of the State of Delaware, with an office at 444 West 56th Street, New York City, New York.”
“ It has long been established that in an action in which a resident of this State and a foreign corporation are parties, the county of the resident is the proper county. (Shepard & Morse Lbr. Co. v. Burleigh, 27 App. Div. 99; Remington & Sherman Co. v. Niagara Co. Nat. Bank, 54 App. Div. 358; Mills S Gibb v. Starin, 119 App. Div. 336; Miller Chemical & Fertilizer Corp. v. Babcock, 259 App. Div. 790.) ” (Nash Kelvinator Sales Corp. v. Clark, 276 App. Div. 1056, 1057.)
As it appears from the plaintiff’s pleading, which, incidentally, is verified, that New York County, designated in the summons and complaint as the place of trial, is not the proper county, and as the plaintiff’s merely conclusory affidavit is inadequate and necessarily contrary to fact, the defendant was entitled to make his motion in the third judicial district. The motion to change the place of trial from New York County to Albany County is granted (Taller & Cooper v. Rand, 286 App. Div. 1096; Civ. Prac. Act, § 182; Rules Civ. Prac., rules 63, 146).
Submit order in accordance with the foregoing to chambers at Troy, New York, on three days’ notice, with $10 costs. The motion papers will be forwarded with the signed order.