Matthew J. Jasen, J.
TMs is a motion by defendants for an order changing the place of trial of this action commenced in New York County, from the County of New York to the County of Erie.
Together with the answers to the complaints served upon plaintiffs, the defendants also served a notice demanding change of the place of trial. Plaintiffs thereupon served on defendants an answering affidavit according to rule 146 of the Buies of Civil Practice.
Plaintiffs contend:
1. That the defendants’ motion was improperly brought in Erie County and should have been brought in the County of New York in that they served an affidavit after receipt of defendants’ demand. They cite Bradley v. Plaisted (277 App. Div. 620).
2. That the motion was not timely made.
It is clear that rule 146 permits the defendants herein to move in the county which they claim is the proper place for trial unless plaintiff by affidavit “ set forth facts showing either that the county which the defendant claims is the proper county is *98 not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one (Italics supplied.)
Section 182 of the Civil Practice Act states: ‘ ‘ An action in the supreme court not specified in the five following sections must he tried in the county in which one of the parties resided at the commencement thereof.” . (Italics supplied.) See Weber v. Lacey (281 App. Div. 290, 292) in.which the court said that actions under sections. 182-a, 182-b, 183, 184 and 184-a are excepted from section 182. These latter sections concern trials other than the one which is.being litigated herein. It is uncontroverted that none of the plaintiffs reside in New York County (although three have offices in New York County) whereas all defendants, corporate and individual, and one plaintiff do reside-in Erie County.. As to residence, the court in Kleinrock v. Nantex Mfg. Co. (201 App, Div. 236, 238) says: “ the definition given in the Hislop case [[Hislop v. Taaffe, 141 App. Div. 40] of the word ‘ resided ’ ' * * * is the correct one.” The court
in said Hislop decision said: ‘ ‘ the word ‘ resided, ’ as used in section 984.of the Code of Civil Procedure (now Civil Practice Act, § 182), should be construed generally as. synonymously with domicile * * * the permanent home ”. In the case of De Meli v. De Meli (120 N. Y. 485, 491) the Court of Appeals declared that “ In- -legal' phraseology residence is synonymous with inhabitancy or domicile.” . The plaintiffs cite Bradley v. Plaisted (277 App. Div. 620, supra). This case held that for venue purpose one may have a residence in more than one county. Even if the court is correct, the fact remains that this question is academic in the instant case since the plaintiffs have stated that “their post office and residence addresses are as follows: 'Westchester- * * * Bronx * * * Bronx * * * Erie *' * Théy do not allege residence in any other county;
The plaintiffs 'also contend that under the Bradley decision the plaintiffs’ timely serving of the opposing affidavit deprived the defendants of the option granted by rule 146. This court disagrees. The court in the Bradley-ease (p. 621) held that “ If defendants’ proofs may be said to establish, prima facie, that plaintiff did not have a residence in Cortland County when he brought this action there, such a showing was completely overthrown by the uneontradicted proofs contained in plaintiff’s affidavit ’ ’. Thus, in the Bradley case the court found that plaintiff ’s .affidavit, overcame defendant’s affidavit relative to residency. This is not true in the ease at bar.
*99 The court in Linder v. Elmira Assn. of Commerce (192 Misc. 830, 832-833) said: “ The plaintiff’s contention that the mere serving of an affidavit without regard to its. contents prevents the defendant from applying for a change of venue to the court in the judicial district embracing the county to which .the trial is sought to be removed, is untenable. * * * An affidavit which does not set forth such facts [either that the defendant’s county is not the proper one, or that the plaintiff’s eóunty is the proper one] does not comply with the rule, and is a nullity.” (See, also, Bennett v. Crawford Bros., 186 Misc. 96.)
There remains to be determined the question of whether defendants’motion was made timely.
The uncontroverted chronology is as follows:
1. Answer to complaint and demand served by mail January 30.
2. Plaintiffs’ answering affidavit to 'demand delivered to defendants by mail February 5.
3. Defendants’ notice of motion received by plaintiffs by mail February 17.
Section 164 of the Civil Practice Act provides: “ Where it is prescribed by law that a notice must be given or a paper must be served, within a specified time before an áct is to be done; or that the adverse party has a specified time after notice or service within which to do an act; if service is inade through the post-office, pursuant to law three days, shall be added to the time specified ”.
The court in Peerless Motor Co. v. Hambleton (219 App. Div. 268, 271) said: “We think thát the defendant’s demand 10 change venue, having been served by mail, the plaintiff’s time to consent thereto, as provided by rule 146, was, pursuant' to section 164 of the Civil Practice Act, extended by 'three days, and we are also of the opinion that under section 164 Of the Civil Practice Act the defendant’s time to inove.under said rülé 146 was extended by three days. ’ ’ (Lesser v. Williams, 119 N. Y. 639; Binder v. Metropolitan St. Ry. Co., 68 App. Div. 281.)
This court finds that defendants made- their motion timely, that the plaintiffs’ affidavit is a nullity, that the motion for change of venue was properly brought in ^ Erie County and that Erie County is the proper place for trial of this action. i-
Defendants’ motion , to change the place of trial from-' the County of New York to the County of Erié is granted.
Prepare and submit order accordingly.