■ SARANAC TRUCK RENTAL, INC., Appellant, v. DAVIS WHITE COMPANY, Respondent.— Order of June 24, 1960, unanimously reversed, with $25 costs and disbursements, and motion denied, with $10 costs. Appeal from order entered August 15, 1960, dismissed as academic. Memorandum: The moving papers do not disclose sufficient basis for the exercise of the court's discretion to change the place of trial from Erie County to New York County. The action arose out of an automobile accident which occurred in New York County. It was properly brought in Erie County, that being the county in which plaintiff resides. The convenience of plaintiff's witnesses will be promoted by a trial in Erie County. Defendant is a foreign corporation. It has failed to show that the convenience of any of its witnesses requires that the place of trial be changed to New York County. The operator of its truck is not a resident of this State. His convenience will not be considered on a motion for change of venue. (Pulaski v. Tryon, 214 App. Div. 822.) Defendant's attorney alleges that a corporation repaired defendant's truck in the State of New Jersey. Corporations are not witnesses within the meaning of statutory provisions authorizing change of venue for convenience of witnesses. (Potolski Int. v. Parsons & Whittemore, 282 App. Div. 999; White v. Mayer, 112 N. Y. S. 2d 253, 254.) No consideration can be given to defendant's allegation that records of the New York City Police Department will be subpoenaed by it because it has failed to disclose facts showing that any police investigation was made or that any necessary and material records of the Police Department respecting the accident exist. (Dairymen's League Co-Op. Assn., v. Brundo, 131 Misc.

548.) The circumstance that the accident occurred in New York County is overborne by the showing that the convenience of witnesses will be promoted by a trial in Erie County. (Appeal from two orders of Erie Special Term (1) directing the place of trial be changed from Erie County to New York County, and (2) denying plaintiff's motion for reargument of the motion.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.