THE LUDLOW VALVE MANUFACTURING Co., INC., Respondent, *v.* S. S. SILBERBLATT, INC., Appellant, et al., Defendant.

First Department, October 24, 1961.

*Murray B. Trayman* of counsel (*Max E. Greenberg,* attorney), for appellant.

*Martin M. Goldman* of counsel (*Goldman & Goldman,* attorneys), for respondent.

*Per Curiam.* Defendant, S. S. Silberblatt, Inc., appeals from an order denying its motion — made in New York County — for a change of place of trial of an action from Clinton County to New York County. The denial of the motion was without prejudice to a renewal in the proper county.

The action herein — commenced in Clinton County — is against appellant, as the general contractor, and Northeastern Construction Company, as a subcontractor, to recover the price of equipment delivered in Plattsburgh in connection with the construction of a housing project for an Air Force base. Defendant Northeastern defaulted. Before service of its answer, appellant, following the procedure outlined in rule 146 of the Rules of Civil Practice, duly served a written demand for a change of place of trial from Clinton County to New York County. Within five

days after service of the demand, plaintiff's attorney served an affidavit in which averments were made to show that Clinton County was the proper place of trial. Rule 146 provides, in part, that failure by plaintiff to serve an affidavit "which shall set forth facts showing either that the county which the defendant claims is the proper county is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one", gives a defendant an option to make a motion to change the place of trial in the county which he claims to be the proper one for trial.

On this appeal, we are to decide the efficacy of the affidavit filed by plaintiff, in response to a demand for a change of venue made under rule 146, to foreclose defendant from making the motion for a change of venue except in the judicial district where the action was begun.

In *Combined Century Theatres* v. *Empire State, etc., Union* (181 Misc. 323) where the motion was made in New York County to change the place of trial from Kings County to New York County, it was held that the mere service of an affidavit by plaintiff, in response to defendant's demand for a change of venue, precluded the defendant from making the motion for a change of place of trial in the county claimed to be the proper place. It was there held that the sufficiency of plaintiff's affidavit could not be tested under such circumstances. However, in a number of instances courts at Special Term — in the counties to which defendants sought to transfer the cases — have examined into plaintiffs' affidavits to determine if sufficient facts have been set forth regarding residence or nonresidence in order to reach a conclusion as to jurisdiction to make the application for a change of venue. In those cases the affidavits by plaintiffs were considered nullities for failure to state sufficient facts. (See *Sterling Corp.* v. *Sam's Furnitureland,* 21 Misc 2d 837, 839 [Broome County]; *Chason* v. *Airways Hotel,* 18 Misc 2d 96 [Erie County]; *Twentieth Century-Fox Corp.* v. *Papayanokos,* 8 Misc 2d 1079 [Albany County]; *Cohen* v. *O'Dette,* 7 Misc 2d 476 [Jefferson County]; *Linder* v. *Elmira Assn. of Commerce,* 192 Misc. 830 [Broome County].) We do not sanction such procedure.

Rule 146, as it now reads, was promulgated as a result of the recommendation of the Judicial Council (Seventh Annual Report, 1941, pp. 291–297). The Judicial Council, in its report (p. 296), stated:

" In order to avoid confusion and to protect the courts against being swamped with collateral motions, no opportunity is afforded the defendant, under the proposal, for testing the

sufficiency of any affidavit served pursuant thereto. The mere service of the affidavit will be sufficient to preclude the defendant from making his motion in what he claims is the proper county ''.

Where, as in the instant case, plaintiff has submitted an affidavit containing averments tending to support plaintiff's choice of the place of trial and opposing the demanded change of venue, we hold that, for the purpose of determining jurisdiction to entertain a motion for a change of venue, the weight or sufficiency of the averments is immaterial. At that juncture, the mere filing of such an affidavit mandates that the motion for a change of the place of trial be made in the judicial district in which the action was brought.

In holding that the affidavit submitted by plaintiff herein precluded defendant from making its motion in New York County, we in no way pass on the adequacy of its averments to withstand a motion for change of venue made in the proper county. We conclude only that under the language and spirit of rule 146, defendant could not, in effect, pass upon the sufficiency of the plaintiff's affidavit and, by treating the affidavit as a nullity, make its motion in New York County.

The order denying the motion for a change of place of trial should be affirmed, with costs to respondent, without prejudice to a renewal in the proper county.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Order entered on March 27, 1961, denying motion for a change of place of trial unanimously affirmed, with $20 costs and disbursements to the respondent, without prejudice to a renewal in the proper county.