■ MARTIN L. GOLDSTEIN, Appellant, v LAWRENCE ROTH et al., Individually and Doing Business as NEEDLEMAN, ROTH & EDELMAN, Respondents. — Order of the Supreme Court, New York County (Ostrau, J.), entered July 2, 1981, which granted defendants' motion to change the place of trial from Rockland County to New York County, affirmed, without costs. Plaintiff is a former partner of the defendants in an accounting firm, all parties being CPA's. They entered into an agreement for partnership dissolution. The partnership had maintained its place of business in Manhattan, where all the books and records relative to this matter are still located and where the agreement was executed. Plaintiff, thereafter, instituted an action in Rockland County against the partnership and the remaining individual member for an accounting and for breach of the agreement. The plaintiff is the only one with any connection to Rockland County. Further, there is another action pending in New York County brought by the defendants against the plaintiff. The defendants served a written demand for a change of venue and, when no response was forthcoming, they made the within motion in New York County, pursuant to which the venue was changed to New York County. The dissent does not question the circumstances which would make New York County the logical place for trial, pursuant to CPLR 510 (subd 3), but raises the technical question as to where the motion should have been made. No affidavit was served by the plaintiff pursuant to CPLR 511 (subd [b]). In *Ludlow Valve Mfg. v S. S. Silberblatt, Inc.* (14 AD2d 291), where the plaintiff served an affidavit in response to a demand, it was held that such service would preclude the defendant from making the motion in the claimed proper county. The implication, of course, is that where no affidavit is served and the matter ignored, the motion for venue can be made in the county sought. The dissent would require duplicate procedures to no purpose. Concur — Kupferman, J. P., Ross and Fein, JJ.

Birns and Silverman, JJ., dissent in a memorandum by Silverman, J., as follows: We would deny the motion for change of venue to New York County, without prejudice to renewal of the motion in Rockland County or other county specified in CPLR 2212 (subd [a]). A motion for change of venue may be made in the county to which defendant wants venue changed *only* in the special circumstances specified in CPLR 511 (subd [b]), i.e., change of venue demanded as of right because of improper county (CPLR 510, subd 1) and no affidavit opposing demand served by defendant. As the motion for change of venue in the present case was made on a discretionary ground, i.e., convenience of material witnesses, etc. (CPLR 510, subd 3), the motion is required to be made in the judicial district in which the action is triable, or in a county adjoining Rockland County. (*Wachunas v Demas,* 43 AD2d 979; *Baker v Pollak & Sons,* 277 App Div 11; CPLR 2212, subd [a]; see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C511:2, p 137.) until the place of trial is changed by court order or consent, an action is triable in the county designated by plaintiff (CPLR 509), i.e., here Rockland County. Even where the motion is made on the nondiscretionary ground of improper county

(CPLR 510, subd 1), but plaintiff serves an affidavit in response to defendant's CPLR 511 (subd [b]) demand, a motion to change venue must be made in the judicial district in which the action was begun. *(Ludlow Valve Mfg. v S. S. Silberblatt, Inc.,* 14 AD2d 291.)