■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS BROWN, Appellant. [27 NYS3d 869]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Bonnie Wittner, J.), rendered April 30, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.

■ JAMES CAMINERO, Appellant, v GO AIRBORNE, LLC, Doing Business as BOUNCE TRAMPOLINE SPORTS, Respondent. [27 NYS3d 856]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered June 24, 2015, which granted defendant's motion to change venue from Bronx County to Rockland County, unanimously reversed, on the law, without costs, the motion denied, and the action retained in Bronx County.

Plaintiff established, via his affidavit and supporting documentation, that he resided in Bronx County at the time that the action was commenced in November 2014, thereby making venue properly placed there (see CPLR 503 [a]; *Leetom v Bell*, 68 AD3d 532 [1st Dept 2009]). The only evidence of plaintiff's residency elsewhere is a hospital record from October 2013, at a time when he attended a residential school in Rockland County. However, plaintiff graduated from that school in June 2014.

Plaintiff's failure to respond to defendant's written demand for a change of venue, pursuant to CPLR 511 (b), did not preclude him from contesting the merits of defendant's motion (*see e.g. McDermott v McDermott*, 267 App Div 171, 172-173 [1st Dept 1943]). Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.