FRANK CURRERI, Respondent, v. TEXAS COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

FRANCIS E. DE RAISMES, Respondent, v. HAROLD L. R. THOMAS and AMERICAN SURETY COMPANY OF NEW YORK, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

DAN W. FEITEL BAG COMPANY, LTD., Respondent, v. MAXIM BOBINSKI, Appellant.— Order denying motion to change place of trial reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Appeal from order denying defendant's motion for a reargument dismissed, without costs. The action not being one specified in either section 182 or 183 of the Civil Practice Act, █ and the plaintiff being a foreign corporation and having no residence in the county of Kings within the meaning of section 182 of the Civil Practice Act, █ the defendant is entitled, as a matter of right, to have the trial of the case in Suffolk county, where he resides. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

GEORGE GILLESPIE, by MARY DIETZ, His Guardian ad Litem, Appellant, v. JOHN HEVERIN, Respondent.— Order reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. At the close of the plaintiff's case, the learned trial court dismissed the complaint on the ground that the plaintiff had not established a *prima facie* case of defendant's negligence and plaintiff's freedom from contributory negligence. A motion for a new trial upon the minutes and exceptions was denied by order from which the plaintiff appealed. Plaintiff did not appeal from the judgment. The appeal from the order sufficiently raises the questions submitted. (Civ. Prac. Act, §§ 549, 609; *Callahan* v. *Munson Steamship Line*, 141 App. Div. 791; *Collier* v. *Collins*, 172 N. Y. 99; *Snelling* v. *Yetter, No. 1*, 25 App. Div. 590.) We are of opinion that upon the proof adduced, unexplained, the plaintiff was entitled to have the case submitted to the jury. The jury would have been justified in finding the defendant negligent in backing his car into the path of the sled upon which the plaintiff, with many others, was coasting down the hill. Contributory negligence, upon his part, if any, was properly for the jury. Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ., concur.