CHARLES C. REED, Individually and as Guardian of CHARLES REED, JR., an Infant, and LEAH REED, Respondents, *v.* IRENE M. Ross, Appellant.

First Department, November 22, 1940.

*John V. Downey* of counsel [*MacIntyre, McNally & Downey,* attorneys], for the appellant.

*W. Ludlow James,* for the respondents.

UNTERMYER, J. The action is to recover for personal injuries and property damage resulting from an accident which occurred in the borough of Queens, when an automobile owned and operated by the plaintiff Charles C. Reed collided with the automobile of the defendant.

It is not controverted that on January 10, 1940, when the action was commenced by the service of the summons, the plaintiff Charles C. Reed was a resident of the State of Ohio and that the defendant was a resident of Watertown, Jefferson county, N. Y. It does not clearly appear whether Leah Reed and Charles Reed, Jr., for whom the action is maintained by Charles C. Reed as guardian, resided in the State of Ohio or in the county of Queens. It is, however, immaterial in which of these two places they resided for, the action having been instituted in New York county, where none of the parties resided, the defendant's motion for a change of venue to the county of the defendant's residence should have been granted (*Levey* v. *Payne,* 200 App. Div. 30; *Ferrin* v. *Huxley,* 94 id. 211), unless the cross-motion made by the plaintiffs to change the

venue to Queens county on account of the convenience of witnesses could properly be considered by the Special Term.

We think the cross-motion could not be entertained in New York county. Since the action should not have been instituted in New York county, it should have been removed to Jefferson county where all incidental motions relating to the action, including any motion for a change of venue to Queens county, should be made and decided. If circumstances exist which render more convenient a trial in Queens county, it is for the Supreme Court in Jefferson county, where the action properly belongs, to so declare. We do not need to consider at this time whether a cross-motion by a plaintiff could be entertained to retain the venue in New York county on the ground of the convenience of witnesses residing there (Compare *Behrman* v. *Pioneer Pearl Button Co.*, 190 App. Div. 843) for that was not the purpose of the cross-motion in the present case which was for a change of venue to a county other than the county of New York.

The order should be reversed, with twenty dollars costs and disbursements, and defendant's motion for change of venue granted and plaintiffs' cross-motion denied, without prejudice to a motion by the plaintiffs in the Supreme Court of Jefferson county to change the venue of the action to the county of Queens.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, the motion of the defendant for change of venue granted and plaintiffs' cross-motion denied, without prejudice to a motion by the plaintiffs in the Supreme Court of Jefferson county to change the venue of the action to the county of Queens.