MILTON M. MEYER, Plaintiff, *v.* ANSELM & COMPANY, INC., Defendant.

Supreme Court, Special Term, Westchester County, November 2, 1949.

*Gillson & Gillson* for defendant.

*Milton M. Meyer,* plaintiff in person.

Coyne, J. Motion by defendant corporation for a change of venue from Westchester County to New York County. Plaintiff assignee is a resident of Westchester County. The claim sued on was assigned to plaintiff by a Massachusetts corporation. Defendant is a Delaware corporation duly authorized to do business in the State of New York. The residence of the plaintiff assignee in Westchester County, of itself, does not place the venue of the cause here. (Civ. Prac. Act, § 184-a.) In support of the motion, defendant corporation contends that as a foreign corporation authorized to do business in New York, it is a resident of the State for the purpose of this motion. This contention is untenable. The rule is well established that a foreign corporation authorized to do business in this State is not a resident of any county for the purpose of venue. (*Shepard & Morse Lbr. Co.* v. *Burleigh,* 27 App. Div. 99; *Feitel Bag Co.* v. *Bobinski,* 234 App. Div. 879; *Mills & Gibb* v. *Starin,* 119 App. Div. 336; *Williams* v. *Hollander & Son,* 249 App. Div. 784; *Bonafide Genasco* v. *Husid,* N. Y. L. J., March 1, 1945, p. 791, col. 2, *Westinghouse Elec. Supply Co.* v. *Montrose Ind. Bank,* N. Y. L. J., Oct. 10, 1945, p. 840, col. 6.) Since no county in the State qualifies as the proper place of trial, the action may be tried in the county designated by plaintiff in this instance, Westchester County. (Civ. Prac. Act, § 184-a.)

Motion denied. Submit order on notice.