S. Samuel Di Palco, J.
This is a motion by defendant for an order changing the place of trial of the action from Queens County to New York County pursuant to section 187 of the Civil Practice Act and rule 146 of the Buies of Civil Practice. Plaintiff opposes on the grounds (1) that the motion is not properly before this court and (2) even if it were it should not be granted.
It appears that plaintiff, concededly a nonresident of this State, brought this action in Queens County. Pursuant to said rule 146 defendant served with his answer a written demand that the place of trial be changed to New York County upon the ground that it was the proper county therefor since defendant is and at all the times alleged in the complaint was a New York County resident. Plaintiff, purportedly in compliance with said rule, served an affidavit, denying that New York County is the proper county for trial, which it is claimed limits defendant’s right to make the instant application in this court. In its pertinent part rule 146 of the Buies of Civil Practice provides: ‘ ‘ If the plaintiff fail to serve upon the defendant, within five days after service of the demand, an affidavit which shall set forth facts showing either that the county which the defendant claims is the proper county is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one, the defendant may, at his option, for the purposes of such motion, regard the county which he claims is the proper one as the county in which the action is triable within the meaning of rule sixty-three of these rules, and he may accordingly make the motion in the judicial district embrac *192 ing such county, or in an adjoining county as provided in rule sixty-three.”
Plaintiff urges that, having served such affidavit, defendant cannot avail himself of the right to apply in the county designated as the proper one by him but must make this motion in Queens County or in an adjoining county in the same judicial district. I am unable to agree with that contention in this case. A reading of rule 146 indicates specifically that the opposing affidavit provided for therein must, to accomplish its purpose, set forth facts showing that defendant was or is in fact not a resident of New York County or that plaintiff is a resident of the county in which the action was brought. Said opposing affidavit is completely barren of any facts to that effect. On the other hand defendant’s moving affidavit sets forth facts which clearly place defendant’s business and residence in New York County.
While it is true that the court, in the county which defendant claims is the proper one for trial, may not question the sufficiency of the facts contained in the opposing affidavit required by rule 146, it does have the right to determine whether such affidavit meets the requirements of said rule so as to determine whether it does have jurisdiction of the application. (Linder v. Elmira Assn. of Commerce, 192 Misc. 830; Hicks & Goldman v. Hicks, 134 N. Y. S. 2d 803.)
• There can be no question that the test as to which county is the proper place for trial is the actual residence of the parties thereto. The affidavit of plaintiff served in an attempt to satisfy rule 146 completely fails to comply with it in that it is lacking in facts bearing upon that question. The mere service of the affidavit is not sufficient to invoke the provisions of rule 146 in plaintiff’s favor. Under such circumstances so far as its effect under rule 146 is concerned such affidavit is the equivalent of none at all. (Linder v. Elmira Assn. of Commerce, supra; Hicks & Goldman v. Hicks, supra.)
The purely technical objection raised by plaintiff to the effect that defendant having failed to file a certificate of doing business, pursuant to section 440 of the Penal Law, in the county in which he does business, has thereby misled plaintiff and thus should be estopped from designating the place of trial, is not a valid one for the reason that the only test, within the purview of section 182 of the Civil Practice Act, that determines which county is the proper one for trial is that of residence of the parties.
Accordingly the plaintiff, having failed to show facts in its affidavit to prove any party to this action is a resident of *193 Queens County or that defendant is not a resident of New York County, has failed to comply with the requirements of rule 146 and may not challenge the jurisdiction of this court to entertain the application, and since the opposing affidavit to this motion also fails to set forth any facts contradicting defendant’s claim as to residence, the motion is granted.