Louis L. Friedman, J.
Plaintiff sues for an injunction to restrain the defendants from picketing plaintiff’s place of business. The action was brought in Queens County and defendants now move in this county for an order changing the place of venue from the County of Queens to the County of Kings on the ground that all of the parties reside within said latter county. By a second motion, defendants pray for an order pursuant to rule 106 of the Rules of Civil Practice, dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.
In their motion to dismiss, the defendants argue that this being a labor dispute, plaintiff has failed to properly plead the essential elements of section 876-a of the Civil Practice Act and under the circumstances the complaint is defective. The •plaintiff, however, contends that it is not a labor dispute and that the picketing of plaintiff’s place of business is primarily a coercive plan of action to force the plaintiff into recognizing the defendant union as a bargaining agent of the plaintiff’s employees.
On a motion addressed to the sufficiency of the complaint, the court must accept as true the material allegations of fact contained therein and any reasonable inference that may be drawn therefrom (Garvin v. Garvin, 306 N. Y. 118, 120), and nothing but the pleading itself may be considered as a basis for the *459 court’s determination. In the light of the foregoing, an examination of the complaint reveals that plaintiff has so framed its pleading as to remove it from the framework of section 876-a of the Civil Practice Act. The complaint alleges that by reason of threats and coercion, and in order to ward off threats of strikes, work stoppages and a cut-off of plaintiff’s supplies, plaintiff paid to the defendant union, money towards its welfare fund; that upon its failure to continue to make such payments, the defendants picketed the plaintiff’s place of business; that further demands of the union were made to force the plaintiff to recognize and deal with the defendant union as the sole collective bargaining agent of plaintiff’s employees over the heads of plaintiff’s employees and without regard to the employees’ wishes in the matter. Whether the facts which will be developed upon the trial will sustain these allegations or not must await the disposition of this litigation at the trial, but it is evident from a reading of the complaint that it has been rather artistically drawn so that the action will not be barred by section 876-a. It thus appears from such allegations that the picketing by the defendants has no reasonable connection with any controversy over wages, hours of employment, health or any other condition of employment but rather is for an unlawful object, and for the purpose of subjecting the plaintiff to economic pressure and injuring its business (Goodwins, Inc. v. Hagedorn, 303 N. Y. 300; Baylis v. Quinnonez, 286 App. Div. 1030). While it may be that the defendants, on the trial of this action, may establish other factors which cannot be considered on this motion, the complaint is sufficient on its face and must be sustained when attacked by motion to dismiss.
In view of the foregoing, it is necessary for the court to consider the motion for a change of venue. It is undisputed that plaintiff has its principal place of business in Kings County. It is also undisputed that the defendant union has its place of business or office in Kings County. The situs of the picketing is in Kings County and the sole reason which plaintiff attributes to bringing this action in the County of Queens is the fact that the treasurer of the defendant union resides in the County of Queens. He, however, has never been served although the motion papers served herein indicate that the attorney who appears for the union has subscribed his papers as appearing for the defendants, without designating whether he appears for one or more than one. Subscribing the papers in this manner does not, however, constitute a general appearance by the attorneys for a defendant for whom *460 they have not previously appeared (Musluskjy v. Lehigh Val. Coal Co., 225 N. Y. 584; Robinson v. Robinson, 123 Misc 80, affd. 209 App. Div. 896). While it is true that plaintiff has designated the officers of the defendant union as parties to the action, and in designating them in their respective offices, has also added the word “ individually, ’ ’ it would appear without question that the officers are merely nominal parties and that the real parties in interest are the plaintiff and the defendant union. Under such conditions, the word ‘ ‘ residence ’ ’ as set forth in section 182 of the Civil Practice Act, means Kings County. There can be no dispute that for the purposes of venue, an unincorporated association is an inhabitant or resident in that district wherein its principal activities take place or it has its principal place of business. For such purposes, it must be treated “ as though it were a single jurai person and not an aggregate ” (Sperry Prods. v. Association of Amer. R. R., 132 F. 2d 408; Brotherhood of Locomotive Firemen & Enginemen v. Graham, 175 F. 2d 802). The authority submitted by the plaintiff is easily distinguishable on its facts and on the law and although considered, is held not controlling. In any event, logic and soundness in legal principles require the court to follow the ruling laid down in the Sperry Prods. case (supra).
Accordingly, the motion for a change of venue is granted. The motion to dismiss for insufficiency is denied. Settle orders on notice.