■ George T. Beneke, Plaintiff, and Annie Beneke, Respondent, v. Anne Beneke, Appellant.— In an action for money loaned and for other relief, the appeal is from so much of a judgment rendered after trial before the court without a jury as is in favor of respondent against appellant in the amount of $5,000, together with interest and costs. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present— Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ B & D Luncheonette, Inc., Appellant, v. Harry Dallas, Individually and as President of Cooks, Countermen, Soda Dispensers, Food Checkers, Cashiers & Assistants Union of Brooklyn & Queens, Local 325, A. F. of L., et al., Respondents.— In an action against a labor union and others to enjoin picketing and other acts and conduct, and to recover damages, the appeal is from an order granting respondents' motion to change the place of trial from Queens County to Kings County on the ground that appellant and the respondent union maintain their respective principal offices in Kings County. (Civ. Prac. Act, § 187, subd. 1; Rules Civ. Prac., rule 146.) Order reversed, with $10 costs and disbursements, and motion denied. One of the persons who has been named in the action as a defendant is the treasurer of the union, and he has been named in his individual capacity as well as in his capacity as such officer. He is a resident of Queens County. Although it is not disputed that he was not personally engaged in the picketing and other acts of which appellant complains in the complaint, it has not been shown that there is no merit to appellant's contention that, in accordance with appropriate allegations in the complaint, he is responsible for these acts as a member of the union who consented to their commission. Under the circumstances it may not be said that he was named as a defendant solely in order to support the laying of the venue in the county in which he resides. The venue having been laid in the county in which one of the parties resides, the motion was not properly granted. (Cf. *Abbott Bread Co. v. Schlansky,* 242 App. Div. 774; *Sedutto v. Heffernan,* N. Y. L. J., Aug. 19, 1957, p. 5, col. 1.) Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. [8 Misc 2d 457.]

■ B & D Luncheonette, Inc., Respondent, v. Harry Dallas, Individually and as President of Cooks, Countermen, Soda Dispensers, Food Checkers, Cashiers & Assistants Union of Brooklyn & Queens, Local 325, A. F. of L., Appellants, et al., Defendants.— In an action against a labor union and others to enjoin picketing and other acts and conduct, and to recover damages, the appeal is from an order denying a motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. (Rules Civ. Prac., rule 106, subd. 4.) Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ Elizabeth Carrier, Respondent, et al., Plaintiff, v. A. B. C. Mutual Cleaning Co., Inc., Appellant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from so much of a judgment entered on a jury verdict as awarded $7,000 damages for the personal injuries. Respondent was injured when she fell on a slippery floor which had been cleaned, polished or waxed by appellant. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present— Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.