Floyd E. Anderson, J.
This is a motion made by the defendant in Broome County for an order changing the place of trial of the action from New York County to Broome County pursuant to section 184-a of the Civil Practice Act and rule 146 of the Rules of Civil Practice.
Plaintiff opposes the motion for the reasons (1) that the motion should have been made in New York County and not in Broome County, and (2) that plaintiff is not an assignee within the meaning of section 184-a. This court cannot agree with either of the reasons urged by the plaintiff.
It appears that plaintiff is a New York corporation with its principal office in New York County, and that it purchased for value and is the assignee of an account receivable held by Singer Furniture Manufacturing Co. against the defendant. It appears, further, that Singer Furniture Manufacturing Co. is a foreign corporation qualified to do business in the State of New York, and that defendant is a New York corporation having its principal office in Broome County. It, also, appears that all transactions relating to the account receivable in issue in this case occurred in Broome County and in the county immediately adjacent thereto in Pennsylvania. Plaintiff assignee commenced this suit and designated New York County as the place of trial.
Pursuant to rule 146, defendant served with its answer a written demand that the place of trial be changed to Broome County as the proper county for trial. Plaintiff, purportedly in compliance with rule 146, served an opposing affidavit stating that New York County is the proper place of trial since plaintiff is a New York corporation and a bona fide assignee for value of the account receivable sued on of Singer Furniture Manufacturing Co.
Rule 146 requires plaintiff’s opposing affidavit to set forth facts showing that the county which the defendant claims is the proper county is not the proper one or that the county desig *839 nated in the summons or complaint as the place of trial is the proper one. If plaintiff fails to serve such an affidavit, defendant may make a motion in the judicial district embracing the county he claims is the proper one. (Buies Civ, Prac,, rule 146.)
Plaintiff’s opposing affidavit is barren of any facts showing that the county defendant claims is proper is not proper or that the county designated by plaintiff is proper. The mere service of an affidavit is not sufficient to invoke the provisions of rule 146 in plaintiff’s favor. Under such circumstances, so far as rule 146 is concerned, such an affidavit is a nullity. (Chason v. Airways Hotel, 18 Misc 2d 96; Midwest Mower Corp. v. Lober, 157 N. Y. 8, 2d 307,) Defendant’s moving affidavit sets forth facts which clearly place defendant’s business and residence in Broome County. Accordingly, this motion may be made by defendant in Broome County.
Plaintiff’s second argument is that plaintiff is not an assignee within the meaning of section 184-a of the Civil Practice Act. Plaintiff argues that it<£ purchased the within account on a non-notification basis for value and while technically it is termed an assignment, plaintiff is not an assignee in the legal sense employed in Section 184-a, It is on a par with one who purchases a note and the like.” It argues further that the purpose and intent of section 184-a is to discourage an assignment for the purpose of suit only and since that was not the purpose of the assignment herein, and since it purchased the account in good faith, it is the real party in interest and not a front for maintaining the suit in New York County,
Section 184-a of the Civil Practice Act provides in part, as follows:££ Place of trial of assigned cause of action. Except as otherwise provided in this act, an action in the supreme court for a sum of money only, brought by an assignee, other than an assignee for the benefit of creditors or a holder in due course of a negotiable instrument, must be tried in the county in which the original claimant or the defendant, or one of the defendants, resided at the commencement of the action, or in the county in which the contract sued on was made or was to be performed or the cause of action or some part thereof otherwise arose;”.
The history of this section, as well as its clear language shows the fallacy of plaintiff’s position, Section 184-a was recommended by the Judicial Council of the State of New York in its Sixth Annual Report, dated December 31, 1939. (See Sixth Annual Report of N. Y. Judicial Council, 1940, pp, 47-48, 299-815,) Prior to the adoption, of section 184-a many creditors harassed their debtors by assigning their claims to remote places and courts where the resulting inconvenience and expense *840 made it a bad business proposition for debtors to defend suits instituted against them by assignees. For three years, the Legislature passed bills dealing with limitations on the place where certain assigned causes of action could be tried. None of the bills, however, met with executive approval. The interpretation of section 184-a which plaintiff now urges upon this court was expressly set forth in the 1939 bill, which limited the application of the proposed change to assignments made “ for the purpose of instituting suit thereon.” (A. Int. No. 430, S. Pr. No. 1719 [1939].) The 1939 bill was vetoed by the Governor for the reasons that proof of an assignment for the purpose of instituting suit thereon would be difficult and that the provision might entail expense and delay in determination of collateral issues of this kind. (See Sixth Annual Report of N. Y. Judicial Council, 1940, p. 307.)
To avoid this problem, yet not to restrict unduly an assignee, the Judicial Council proposed section 184-a as it presently exists. The section requires an action for a sum of money only, brought by an assignee, to be tried in the county in which the original claimant or the defendant resided at the commencement of the action, or in the county in which the contract sued on was made or was to be performed or the cause of action or some part thereof otherwise arose. Exceptions to this requirement are unequivocally set forth in the statute, the two here in question being for holders in due course of negotiable instruments and for assignees for the benefit of creditors. Plaintiff does not contend to be an assignor for the benefit of creditors or the holder in due course of a negotiable instrument, but states that “ it is on a par with one who purchases a note and the like.” The exception is not so broad as plaintiff argues.
The exception for holders in due course of negotiable instruments was adopted from the Massachusetts and Maine statutes. (Mass. Gen. Laws [1932], ch. 223, § 1; Me. Rev. Stat. [1930], ch. 95, § 9. See Sixth Annual Report of N. Y. Judicial Council [1940], pp. 313-314.) But as stated in the report, footnote 64 at page 314:
“ The Massachusetts and Maine statutes extend the exception to all holders of negotiable instruments, whether holders in due course or not. The decision to limit the application of the exception in the proposed amendment to holders in due course, was prompted by the consideration that holders not in due course are in the same position as ordinary assignees, as far as being subject to defenses available against the transferor is concerned. See also Allison Hill Trust Co. v. Sarandrea, 236 App. Div. 189, 258 N. Y. S. 299 (3rd Dept. 1932).
*841 “ The exception is in pursuance of the policy of the law not to hinder the free transfer of negotiable instruments. The holder in due course is necessarily a bona fide assignee, and he already enjoys greater rights in other respects than are accorded to the original payee of the instrument.” (See Sixth Annual Report of N. Y. Judicial Council, 1940, p. 314.)
Section 184-a, as recommended by the Judicial Council, was enacted intact by the Legislature. In light of this history, it is apparent that the exception relating to holders in due course of negotiable instruments does not help the plaintiff, even if plaintiff had set forth facts, which it has not done, showing that it is on a par with one who purchases a note and the like.
Plaintiff therefore, cannot rely on its own residence to establish venue. Inasmuch as plaintiff’s assignor was a foreign corporation, plaintiff cannot rely on any particular place of business of the assignor in the State to establish venue. The rule is well- established that a foreign corporation authorized to do business in this State is not a resident of any county for the purpose of venue. (Meyer v. Anselm & Co., 196 Misc. 736 and cases cited therein.)
Motion is granted, with $10 costs to defendant.
Submit order in accordance with this decision.