Louis G. Bruhn, J.
This is a motion on behalf of the defendant for an order changing the place of trial of the above-entitled action from the County of New York to the County of Albany, pursuant to section 187 of the Civil Practice Act and rule 146 of the Rules of Civil Practice on the ground that neither the plaintiff nor the defendant resides in New York County.
Pursuant to rule 146 the defendant served, with its answer, a demand that the action be tried in the proper county.
Thereafter, and within the required period, an affidavit was filed by Robert A. Payne reciting that his residence was at 2179 Washington Avenue, County of Bronx, New York.
Serious question exists in the mind of this court whether or not, in the first place, the residence of an individual officer of an unincorporated association can be considered in determining the venue of an action.
The unincorporated association is the actual plaintiff suing through its treasurer, Payne, who has no individual standing except as a member and officer of the association. (See General Associations Law, § 12.)
*1007 Therefore, since no affidavit was submitted on behalf of the actual plaintiff, rule 146 was not complied with and this court does have jurisdiction of this motion.
Even assuming, arguendo, that this court is in error in such conclusion and the individual is the actual plaintiff, he still did not comply with rule 146 since his affidavit, does not show ‘ ‘ that the county designated in the summons or complaint as the place of trial is the proper one ’ \
On the contrary he establishes that New York County is not the proper county by his admission of residence in Bronx County, and for that reason his affidavit is a nullity and jurisdiction is further commended to this court. (Linder v. Elmira Assn. of Commerce, 192 Misc. 830; Chason v. Airways Hotel, 18 Misc 2d 96; Midwest Mower Corp. v. Lober, 157 N. Y. S. 2d 307; Sterling Factors Corp. v. Sad Sam’s Furnitureland, 21 Misc 2d 837.)
There would seem little question therefore that this court has jurisdiction of this motion.
The only question then remaining is that of determining the proper venue of this action.
While it may be conceded that a party has a right to serve an amended pleading within a prescribed period it does not carry with it the right to change the venue of an action already laid.
Furthermore, even if it were conceded that such right exists it has no application in this case since it has not been established that the plaintiff association has 1 ‘ residence ’ ’ in Bronx County.
The law seems settled that an unincorporated association should be treated like a corporation for the purpose of determining venue. (B & D Luncheonette v. Dallas, 8 Misc 2d 457, 460, revd. on other grounds 6 A D 2d 805.)
No challenge has been proclaimed that each of the parties, the plaintiff association and the defendant association, do not have residence in Albany County, so that in this case it makes little difference by what route this court arrives at its conclusion that it is the proper county of venue.
If the proper county had been originally selected by the plaintiff it should have been laid in Albany County and since the proper county was not selected this court, under those circumstances, may designate the county of the defendant’s residence. (Reed v. Ross, 260 App. Div. 596.)
Therefore, for the reasons stated the motion is granted, with $10 costs and the venue of the within action is transferred to Albany County and the Clerks of the Counties of New York and Bronx are directed to comply with section 188 of the Civil Practice Act.