MICHAEL TRIPODI, SR., Respondent, v. RUTH WIEN et al., Appellants.

The action having been commenced in Nassau County, where none of the parties resided, the motion of the defendants for a change of venue to Bronx County, where defendants reside, should have been granted. (Civ. Prac. Act, § 182; *Reed* v. *Ross,* 260 App. Div. 596.) Although deemed moot by Special Term by reason of the order appealed from we note that plaintiff's cross motion for a change of venue on the ground of the convenience of witnesses is unsupported by any factual statement in the affidavits submitted in support thereof, which were apparently prepared in support of a motion for a temporary injunction and have no bearing on the relief sought by way of cross motion. Settle order on notice. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.

EUGENE WESSON, Respondent, v. PAUL DULLZELL, Individually and as Treasurer of Actors' Equity Association, et al., Appellants.—

It appears without contradiction that the motion was denied on condition that plaintiff pay costs to date and that these costs were accepted and retained by defendants' attorneys. Under these circumstances the right to appeal is waived and the appeal must be dismissed (*James* v. *Ouimet,* 283 App. Div. 819, and authorities cited therein). Motion to dismiss appeal dismissed, having become academic by virtue of the decision of this court decided herein. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.

FREDERICK W. HENCKEN et al., Respondents, v. SAMUEL EDELMAN, Appellant.—

Issue was joined in this action on July 17, 1959. Thereafter defendant served a demand for a bill of particulars and plaintiffs moved to modify the demand. On January 11, 1960, an order was made modifying the demand and directing plaintiffs to serve a bill of particulars within 20 days. This order was ignored until after the present motion was made to dismiss the complaint. The alacrity with which the bill of particulars and notice of pretrial examination were so served completely negates the reasons advanced by plaintiffs for their failure to proceed diligently. No credible facts have been submitted showing a reasonable excuse for the total inaction of plaintiffs for a period of 19 months. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.