Domenick L. Gabrielli, J.
This is a motion by defendant for an order changing the place of trial of the action from New York County to Steuben County. The plaintiff opposes the motion *144 on the ground that the motion is not properly before the court as it should have been brought in New York County where the venue is laid and where plaintiff’s attorney maintains his office.
In this separation action it appears that both parties are residents of Steuben County.
Prior to service of any answer, and, as required by rule 511 of the Civil Practice Law and Rules, the defendant served a statement and demand that the place of trial be changed to the county of residence of both parties. Thereafter, plaintiff’s attorney served an affidavit upon the defendant’s attorney which ■stated that “ The County of Steuben is not the proper county for the trial of this action on the ground that, upon information and belief, the plaintiff cannot obtain a fair and impartial trial in the County of Steuben ”. There was nothing stated in the affidavit which would support or in anyway substantiate plaintiff’s claim. There was no other information or facts set forth in the affidavit to form the basis of any such claim. It was merely a statement based upon information and belief without furnishing any information or facts to support the belief.
The requirements of subdivision (b) of rule 511 of the Civil Practice Law and Rules are explicit and well defined. It provides that the person requesting the change may “notice such motion to be heard as if the action were pending in the county he specified, unless the plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper ”, (Italics mine.) It is the opinion of this court that this requirement has not been met.
A reading of subdivision (b) of rule 511 of the Civil Practice Law and Rules indicates specifically that the opposing affidavit must, in order to accomplish its purpose, show (set forth facts) that the county .to which the change is sought is not the proper county. The “ affidavit ” is barren of any facts.
While it is true that the court, in the county which defendant claims is the proper one for trial, may not question the sufficiency of the facts contained in the opposing affidavit required by rule 511, it does have the right to determine whether such affidavit meets the requirements of .said rule so as to determine whether it does have jurisdiction of the application. (Linder v. Elmira Assn. of Commerce, 192 Misc. 830; Hicks & Goldman v. Hicks, 134 N. Y. S. 2d 803; Midwest Mower Corp. v. Lober, 31 Misc 2d 191.)
The affidavit furnished by plaintiff’s attorney in an attempt to satisfy the requirements of subdivision (b) of rule 511 of the Civil Practice Law and Rules fails to comply with it *145 because it is completely lacking of any facts and, in that respect, is equivalent to none at all. (Linder v. Elmira Assn. of Commerce, supra; Hicks & Goldman v. Hicks, supra; Midwest Mower Corp. v. Lober, supra; Sterling Corp. v. Sam’s Furnitureland, 21 Misc 2d 837; Payne v. Civil Serv. Assn., 27 Misc 2d 1006, affd. 15 A D 2d 265.) The motion is granted.