■ GERDON CREDIT CORPORATION, Respondent, v. SYLVESTER FLETCHER et al., Appellants.— Defendants appeal from (a) an order of the Supreme Court, Orange County, dated January 2, 1968, which denied their motion for a change of venue from Orange County to New York County and, (b) as limited by their brief, from so much of an order of the same court, dated January 30, 1968, which, on reargument, adhered to the original determination. Order of January 30, 1968 reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements, and motion for change of venue to New York County granted, with $10 costs. Appeal from order of January 2, 1968 dismissed, without costs, as moot and because that order was superseded by the order on

reargument. In our opinion, plaintiff is not a holder in due course of a negotiable instrument and on this record defendants have established that the residence of plaintiff's assignor is not in Orange County (*Payne* v. *Civil Serv. Employees Assn.*, 15 A D 2d 265, 267–268). Hence, defendants were entitled to a change of venue to New York County, the county of their residence (CPLR 503, 510; *Tripodi* v. *Wien*, 15 A D 2d 744; *Commercial State Bank & Trust Co. of N. Y.* v. *Ritz*, 4 A D 2d 674; *Reed* v. *Ross*, 260 App. Div. 596). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.